# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| BEVERLY KAY WILLINGHAM, )<br>Individually and as Administratrix of the )<br>Estate of ANTHONY LEE )<br>WILLINGHAM, deceased, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>v. )<br>　　　　　　　　　　　　　　　　)<br>COLONIAL PIPELINE COMPANY )<br>and SUPERIOR LAND DESIGNS, )<br>LLC, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendants. ) | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendant Colonial Pipeline Company ("Colonial"), by and through its undersigned counsel of record, within the time prescribed by law, hereby removes this action to the United States District Court for the Northern District of Georgia, Atlanta Division.[1]

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as certain claims asserted by Plaintiff in her First Amended Complaint raise a federal

---

[1] Colonial reserves all substantive and procedural claims, crossclaims and defenses, including but not limited to, defenses regarding personal jurisdiction and/or failure to state a claim upon which relief may be granted.

45008877v1

question under regulations promulgated by the Pipeline and Hazardous Materials Safety Administration codified at 49 C.F.R. § 195. Accordingly, this Court has federal question jurisdiction of those claims asserted by Plaintiffs under 49 C.F.R. § 195 and has supplemental jurisdiction on the remaining claims pursuant to 28 U.S.C. § 1367.

The Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. The Court therefore has both federal question and diversity jurisdiction.

Pursuant to 28 U.S.C. § 1446(d), Colonial is filing a copy of this Notice of Removal with the Clerk of the State Court of Gwinnett County, Georgia and providing Plaintiffs with written notice thereof. *See* Notice of Filing of Notice of Removal, attached as **Exhibit A**.

I.   BACKGROUND

On August 15, 2018, Plaintiff Beverly Kay Willingham, Individually and as Administratrix of the Estate of Anthony Lee Willingham, deceased, filed her Complaint against Defendants Colonial and Superior Land Designs, LLC

("Superior"), collectively "Defendants"[2] in the State Court of Gwinnett County, captioned: *Beverly Kay Willingham, Individually and as Administratrix of the Estate of Anthony Lee Willingham, deceased, v. Colonial Pipeline Company and Superior Land Designs, LLC,* Civil Action No.: 18-C-06090-S4 (the "State Court Action"). Plaintiff asserted claims for negligence, wantonness, negligence per se, respondeat superior, wrongful death, and loss of consortium. Plaintiff's original negligence per se claim against Colonial was based on vague references to violations of "local, state, and national laws, regulations, ordinances, fire codes, industry standards, and/or safety codes." (Compl. ¶ 52.) But, on October 24, 2018, Plaintiff amended the Complaint, changing the focus of her negligence per se claim against Colonial to allege violations of specific federal regulations promulgated by the Pipeline and Hazardous Materials Safety Administration, expressly referencing regulations codified at 49 C.F.R. § 195. *See* First Amended Compl. (Ex. B) at ¶¶ 51-59.

---

[2] Superior consents to the removal of this action. *See Holder v. City of Atlanta*, 925 F. Supp. 783, 784 (N.D. Ga. 1996) ("All named defendants must consent to or join the petition for removal"). The Notice of Joinder in and Consent to Removal of Superior Land Designs, LLC is attached hereto as **Exhibit C** and is being filed contemporaneously herewith.

3

## II.   REMOVAL IS PROCEDURALLY PROPER.

Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Colonial filed this Notice of Removal within 30 days after receipt by Colonial of a copy of the Plaintiff's First Amended Complaint, from which it was first ascertained that the case had become removable.

Venue is proper in this district pursuant to 28 U.S.C. § 1446(a) because the United States District Court for the Northern District of Georgia embraces the place where the State Court Action has been pending. Further, removal is timely pursuant to 28 U.S.C. § 1446(b)(3) because Colonial filed this Notice of Removal within 30 days after receipt by Colonial of a copy of the amended pleading.

Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Colonial are attached hereto, collectively, as **Exhibit B**.

## III.   REMOVAL IS PROPERLY BASED ON FEDERAL QUESTION JURISDICTION.

Actions filed in state court may be removed to federal court based upon federal question jurisdiction where the plaintiff's suit "'arises under' the Constitution, treaties or laws of the United States.'" *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (citing 28 U.S.C. § 1331). A case "arises under" federal law if federal law "creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law

4

claim." *Id.* (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1993)). Federal question jurisdiction exists where "a federal question is presented on the face of the plaintiff's well-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Where a complaint raises only state law claims, a federal court may nevertheless have federal question jurisdiction if an essential element of the state law claim "requires a court to determine the effect of construction of a federal law." *Bota v. Clark Atlanta Univ., Inc.*, No. 1:06 CV 1743 RLV, 2006 WL 2711836, at *2 (N.D. Ga. Sept. 19, 2006) (citing *Dunlap v. G&L Holding Group, Inc.*, 381 F.3d 1285 (11th Cir. 2004)). As stated by this Court in *Bota*:

> Reading the plain language of the complaint, as this court must, the court finds it clear that the plaintiff's action "arises" under federal law because it claims that the defendant has wrongfully acted "in contravention of 28 C.F.R. §§ 67.300-67,1010." […] Consequently, adjudication of the plaintiff's claim requires a court to look at [that federal regulation] and determine whether the defendant's actions are indeed in violation of that regulation. Therefore, the construction or effect of a federal law is an "essential element" of the claim and this court may property exercise federal question jurisdiction.

*Id.*

Plaintiffs specifically allege that Colonial violated multiple federal regulations promulgated by the Pipeline and Hazardous Materials Safety Administration ("PHMSA"), expressly referencing regulations codified at 49

5

C.F.R. § 195. (First Am. Compl. (Ex. B) at ¶¶ 51-59.) The construction or effect of these federal regulations is an "essential element" of certain of Plaintiff's claims because this Court must determine whether Defendants' actions violated those regulations. *See Bota*, 2006 WL 2711836 at *2. Accordingly, this Court has federal question jurisdiction as to the claims arising under 29 C.F.R. § 195 and supplemental jurisdiction of the remaining claims. *See* 28 U.S.C § 1367(a) ("… in any civil action of which the district courts have original jurisdiction, the district shall have supplemental jurisdiction over all other claims that are so related to claims in the action […] that they form part of the same case or controversy under Article III …."). Removal on this basis is proper.

## IV. THIS COURT ALSO HAS ORIGINAL JURISDICTION OVER THIS ACTION UNDER 28 U.S.C. § 1332(a).

This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00.

### A. Complete Diversity of Citizenship Exists Between the Parties.

Complete diversity of citizenship exists between the parties as required by 28 U.S.C. § 1332(a). First, upon information and belief, and based on the allegations in the First Amended Complaint, Plaintiff Beverly Kay Willingham is and the decedent, Anthony Lee Willingham, was a resident of Alabama. (First

6

Am. Compl. ¶ 1.) For purposes of diversity jurisdiction, "[c]itizenship is equivalent to 'domicile.'" *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "An assertion of permanent residency sufficiently alleges domicile." *Dyer v. Wal-Mart Stores, Inc.*, 535 F. App'x 839, 841 (11th Cir. 2013); *see also District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary"); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("[T]he place of residence is prima facie the domicile …").

Second, for purposes of diversity jurisdiction, Colonial is a citizen of Georgia, Delaware, and Virginia. The citizenship of a corporation is "every State … by which it has been incorporated and of the State… where it has its principal place of business." *See* 28 U.S.C. § 1332(c). Colonial is now, was at the time the State Court action was filed, and has been at all times in between, a corporation organized under both the laws of Delaware and Virginia with its principal place of business located in Georgia. (First Am. Compl. ¶ 2). Therefore, Colonial is a citizen of Georgia, Delaware, and Virginia.

Third, Superior is a citizen of Georgia. A limited liability company is a citizen of all states of which its members are citizens. *See Rolling Greens, MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1021-22 (11th Cir. 2004).

Superior is now, was at the time the State Court action was filed, and has been at all times in between, a limited liability company organized under the laws of Georgia with its principal place of business located in Georgia. (First Am. Compl. ¶ 3). The sole member of Superior is Patrick Dover, who is now, was at the time the State Court action was filed, and has been at all times in between, a resident of Georgia. Therefore, Superior is a citizen of Georgia.

Because Plaintiff is a citizen of Alabama and Defendants are citizens of Georgia, Delaware, and Virginia, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332.

### B. The Amount in Controversy Exceeds $75,000.00.

The amount in controversy meets the jurisdictional requirements. Although Plaintiffs' Complaint does not specify an amount of damages, based on the allegations in the Complaint, the amount Plaintiffs seek in this action exceeds $75,000.00.

The Supreme Court has held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). When, as here, the amount of damages is unspecified in the Complaint, the removing defendants must prove by a preponderance of the

evidence that the amount in controversy exceeds $75,000.00. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The Court is permitted to use its "common sense in light of its judicial experience" to determine whether the complaint facially meets the amount in controversy requirement. *Cheatwood v. QuickTrip Corp.*, No. 1:14-CV-740-WSD, 2014 WL 5529153, at *2 (N.D. Ga. Oct. 29, 2014).

With this principle in mind, courts within the Eleventh Circuit have found that when the plaintiff asserts a wrongful death claim, the jurisdictional requirement is "facially apparent" from the complaint. *See, e.g., Roe v. Michelin N. Am., Inc.*, 637 F. Supp.2d 995, 998 (M.D. Ala. 2009), aff'd 613 F.3d 1058 (11th Cir. 2010) (finding it "facially apparent" from complaint that amount in controversy met jurisdictional requirement in wrongful death action for punitive damages though complaint did not specify amounts of damages sought; where complaint alleges wanton conduct causing loss of life, it is "nearly impossible to conclude" otherwise).

Plaintiff here alleges that "[a]s a result of the subject explosion and fire, Anthony Lee Willingham was burned, injured, disfigured and he suffered and was killed." (First Am. Compl. ¶ 36.) Plaintiffs seek compensatory, punitive, and special damages from Defendants. (First Am. Compl. ¶ 81.) Given Plaintiffs'

9

allegations and requests for damages, the First Amended Complaint demonstrates Plaintiffs seek more than $75,000.00 in this action, and thus meet the jurisdictional requirement.

### C. Any Procedural Defect in the Removal of this Case Based on Diversity Jurisdiction is Waivable.

Under 28 U.S.C. § 1441(b)(2), "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." This provision is known as the "forum defendant rule." Because Defendants are both citizens of Georgia and both Defendants were properly joined and served before this removal, the forum defendant rule would prohibit removal solely on the grounds of diversity jurisdiction. Nevertheless, the Eleventh Circuit has made clear that the forum defendant rule does not affect a court's subject matter jurisdiction—it is merely a procedural issue that is waivable by the parties. *See, e.g., Borg-Warner Leasing v. Doyle Elec. Co., Inc.*, 733 F.2d 833, 835 n.2 (11th Cir. 1984) (stating that removal of case with defendants who were citizens of the state in which the action was brought "did not go to the subject matter jurisdiction of the court" and because the "action fell within the original diversity jurisdiction of the federal district court, the procedural defect under the removal statute was waivable by the parties.")

10

Thus, the forum defendant rule is waived by the plaintiff unless it is raised in a motion to remand within 30 days of the filing of the notice of removal.[3] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).")

## V. CONCLUSION

For the foregoing reasons, Colonial has met the requirements for removal. By filing this Notice of Removal, Colonial does not waive the right to assert any defenses and/or objections to which it is entitled.

Respectfully submitted this 21st day of November, 2018.

[SIGNATURES ON FOLLOWING PAGE]

---

[3] Similarly, the timing of removal is considered procedural in nature and is therefore waived if not asserted by the plaintiff in a motion to remand within 30 days of the filing of the notice of removal. *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) ("the timeliness of removal is a procedural defect— not a jurisdictional one") (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751-52 (11th Cir. 2010), and *In re Uniroyal Goodrich Tire Co.*, 104 F.3d 322, 324 (11th Cir. 1997); *see also* 28 U.S.C. § 1447(c).

/s/ Pamela R. Lawrence
E. Righton J. Lewis
Georgia Bar No. 215211
Pamela R. Lawrence
Georgia Bar No. 569713
BUTLER SNOW LLP
1170 Peachtree Street NE, Suite 1900
Atlanta, Georgia 30309
Tel. (678) 515-5064
Fax (678) 515-5001
righton.lewis@butlersnow.com
pamela.lawrence@butlersnow.com

*Attorneys for Defendant Colonial Pipeline Company*

**Consented to by Superior Land Designs, LLC:**

/s/ Cheryl H. Shaw
Georgia Bar No. 319747
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948
(770) 818-1422 Telephone
(770) 937-9960 Facsimile
cshaw@fmglaw.com

*Attorney for Defendant Superior Land Designs, LLC*

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(C) and 7.1(D).

This 21st day of November, 2018.

/s/ Pamela R. Lawrence
Pamela R. Lawrence
Georgia Bar No. 569713

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Notice of Removal has been filed with the Clerk of Court and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this 21st day of November, 2018.

Christopher D. Glover
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
4200 Northside Parkway NW
Building One, Ste. 100
Atlanta, GA 30327

D. Michael Andrews
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
218 Commerce Street
Montgomery, AL  36104

*Attorneys for Plaintiff*

Cheryl H. Shaw
Wesley C. Jackson
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, GA 30339-5948

*Attorneys for Superior Land Designs, LLC*

/s/ Pamela R. Lawrence
Pamela R. Lawrence
Georgia Bar No. 569713